IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS 2013 MAR 15  AM 11: 36
ABILENE DIVISION

DEPUTY CLERK _____

| | | |
|---|---|---|
| JEFFREY ALLEN PUGH, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-239-BL |
| | § | ECF |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court upon Plaintiff's complaint filed December 22, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for a period of disability and disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on July 15, 2012 (Doc. 25). Defendant filed a brief on August 14, 2012 (Doc. 26). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on March 7, 2013 (Doc. 28) and on March 15, 2012 (Doc. 29). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

---

[1]     Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

## I.   STATEMENT OF THE CASE

Plaintiff filed applications for a period of disability and disability insurance benefits and supplemental security income on August 14, 2009, alleging disability beginning December 1, 2008. Tr. 162-69. Plaintiff's applications were denied initially and upon reconsideration. Tr. 92-100. Plaintiff filed a Request for Hearing by Administrative Law Judge on May 12, 2010, and this case came for hearing before the Administrative Law Judge ("ALJ") on November 16, 2010. Tr. 61-88. Plaintiff, represented by an attorney, testified in his own behalf. Tr. 65-83. A vocational expert ("VE"), appeared and provided expert testimony. Tr. 83-87. The ALJ issued a decision unfavorable to Plaintiff on January 5, 2011. Tr. 42-60.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 45. He found that Plaintiff had not engaged in substantial gainful activity at any time since December 14, 2008. Tr. 46. The ALJ found that Plaintiff has "severe" impairments, chronic deep vein thrombosis in the right thigh; insulin-dependent diabetes mellitus with peripheral neuropathy and early retinopathy; degenerative disc disease at the L4-S1 levels; right-sided plantar fasciitis; and right-sided carpal tunnel syndrome. Tr. 59. The ALJ also noted that Plaintiff is overweight and has had unresolved episodes of anemia and histories of sleep apnea and temperature imbalance of unknown etiology. *Id.* The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 55. The ALJ found that Plaintiff's alleged mental impairment was not "severe" within the meaning of the Social Security Act. Tr. 55.

Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. The ALJ noted Plaintiff's allegations regarding his symptoms and the limitations imposed therein, as well as his reports of his medical treatment and activities of daily living. *Id.*

The ALJ found that Plaintiff's subjective complaints were reasonably related to his medically determinable impairments. Tr. 56. However, the ALJ found that based on the evidence its entirety, Plaintiff's statements concerning his impairments and the limitations imposed therein were generally credible. Tr. 55. The ALJ concluded that the Plaintiff's subjective allegations and evidence of record do not support the conclusion that Plaintiff is unable to perform any level of work activity. *Id.*

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a modified range of light work; Plaintiff can frequently lift/carry objects weighing 10 pounds, and can occasionally lift 20-pound objects; can stand and/or walk two hours during an 8-hour workday; can it for six hours per workday; did not require additional breaks; and can occasionally climb, stoop, balance, crawl, and crouch. Tr. 55. The ALJ found that Plaintiff could perform such work on a continued basis. *Id.* The ALJ found that Plaintiff could not perform his past relevant work. *Id.* The ALJ noted that Plaintiff is a "younger individual," with a GED, with

no transferable skills.[2]  *Id.*

The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work in the national economy, including information clerk; small products assembler; and storage facility rental clerk. Tr. 56.  The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision.  Tr. 56

Plaintiff submitted a Request for Review of Hearing Decision/Order on January 21, 2011. Tr. 154-57.  The Appeals Council denied Plaintiff's request and issued its opinion on September 23, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 8-15. The ALJ's decision, therefore, became the final decision of the Commissioner.

On December 22, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.    STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g).  The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence

---

[2]     The ALJ noted that Plaintiff's past relevant work included skilled and semi-skilled positions.  Tr. 55.  However, as Plaintiff did not retain the ability to perform such jobs, and considering his age and education levels, the ALJ correctly found that the issue of transferability of skills was immaterial.  Tr. 56.

as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson,* 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work which exists in the national economy. Tr. 56.

### III. DISCUSSION

Plaintiff claims that the ALJ erred in making the RFC determination, in finding that Plaintiff retains the ability to perform a range of light work, and in finding that Plaintiff retained the ability to perform work which exists in the national economy.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

A.    **Whether the ALJ erred in making the RFC determination and in finding that Plaintiff retained the ability to perform a range of light work on a sustained basis.**

Plaintiff argues that the ALJ erred in making the RFC determination by failing to include all of the limitations imposed by Plaintiff's physical impairments, particularly, the limitations associated with his diabetes mellitus and resulting diabetic neuropathy.  Plaintiff specifically argues that these impairments prevented him from being able to work and heightened the risk of being injured on the job.

The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987).  A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393.  If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id*.  Plaintiff argues that the ALJ failed to incorporate postural limitations into the RFC determination which adequately reflected the limitations imposed by his diabetes and resultant neuropathy and erred in finding that he could perform a range of light work activity on a sustained basis.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p").

In his opinion, the ALJ found that Plaintiff's insulin-dependent diabetes mellitus, with perpheral neuropathy and early retinopathy, was a severe impairment. Tr. 54-55. The ALJ noted that Dr. Kalla, a treating physician, opined on November 9, 2009, that Plaintiff retained a 90% ability to carry on normal activities. Dr. Kala indicated that Plaintiff did not report tiredness or fatigue, black pain or arthralgias, headaches, impaired balance or coordination, or strength or sensory changes. Tr. 48. The ALJ noted that Dr. Daggubati, a consultative examiner, opined that Plaintiff could lift 15 to 20 pounds, climb about 20 steps with a side rail, and exhibited only "mild" functional limitations. Tr. 49. The ALJ discussed the medical reports of the treating and examining physicians, which noted Plaintiff's diabetes and peripheral neuropathy, but the physicians did not opine that Plaintiff was as limited as he subjectively claimed.

The ALJ described Plaintiff's reports of his own activities, which included home-schooling his son, using a riding mower for short periods, watching television and shopping, attending three church services per week, shopping, and when appropriate, crocheting. Tr. 49. The ALJ noted

Plaintiff's testimony of working slowly and taking breaks when he reads in bed, but nevertheless enjoying activities with his son and mother. Tr. 48.   Plaintiff also reported to a physician that an opthalmologist had stated that there was no significant retinopathy. Tr. 47. The medical evidence, while supporting the severity finding as to Plaintiff's diabetes and peripheral neuropathy, does not contradict the ALJ's RFC determination.[3]   The State agency medical consultants opined that Plaintiff retained the RFC to perform work at the light exertional level, with postural limitations and a restriction to standing only two hours per workday. Tr. 260-267. This finding reflects Plaintiff's "poorly-controlled [diabetes mellitus] and associated neuropathy." Tr. 267.   Dr. Daggubatti's impressions also included uncontrolled diabetes, diabetic neuropathy with tingling and numbness without ulcerations, right deep vein thrombosis, hypertension, and a history of injury to the right food with ligament tear and "mild" limitations to walking and standing. Tr. 258-59.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)).   The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)).   Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if

---

[3]    The court notes that in an application for food stamp benefits, Dr. Stoebner of the Medical Mission clinic indicated by checkmark that Plaintiff was "disabled" for a period of six months.   The ALJ was not required to ascribe any particular weight to this statement. "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The medical evidence of record constitutes substantial evidence to support the ALJ's RFC determination, including the ALJ's finding that Plaintiff could perform a range of light work as limited to standing and walking for two hours during an 8-hour day and his credibility finding.

**B.   Whether the ALJ erred in relying upon the testimony of the VE and finding that Plaintiff could perform work which exists in the national economy.**

Plaintiff argues that the ALJ erred as a matter of law by finding that Plaintiff retained the capacity to perform a range of light work, since he limited her to walking and standing for no more than two hours per 8-hour workday. To perform the full range of a certain level of work, a person must be able to perform all or substantially all of that range of work. Social Security Ruling 83-10 (August 20, 1980)("SSR 83-10"). The ALJ, however, did not find that Plaintiff retained the ability to perform a full range of work at the light exertional level, nor did he apply the Medical-Vocational Rules ("The Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, to direct a finding of "not disabled." Rather, the ALJ relied upon the testimony of the VE, who identified jobs that a person with the limited range of light work, as described in the RFC determination, could perform.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p"). SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings."

The ALJ thus appropriately relied upon the testimony of the VE, who indicated the jobs that could be performed by a person with Plaintiff's vocational history, age, and RFC, including the RFC for a *limited* range of light work.

Plaintiff argues that reliance upon such testimony is also suspect insofar as it requires a reasonable accommodation by employers. However, neither the VE nor the ALJ indicated that any such accommodation was required. Rather, the VE testified about the numbers of jobs available for the limited range of light work identified.

The record demonstrates that the ALJ did not err in formulating the RFC determination, did not fail to adequately incorporate the limitations imposed by Plaintiff's impairments, and did not err in relying upon the testimony of the VE in finding that Plaintiff retained the ability to perform work which exists in the national economy. The ALJ opinion is supported by substantial evidence in the record.

## IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed December 22, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 15th day of March, 2013.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**